908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kelli KINDER, a Minor, by Merle Kinder, II, Merle Kinder,
II, Plaintiffs-Appellants,
v.
Margaret SANDBERG, Executive Director Franklin County
Children's Services, Franklin County Children's Services
Board, To-wit, James P. Gally, Lou Briggs, Cecila Cullman,
Elvin Davenport, Jack Donahue, Ruth Mount, Rev. Melvin
O'Neal, Ann Seyh, G. William Sayers, Todd Shaw, Margaret
Sandburg, the Board of County Commissioners, Ronald D.
Kirkpatrick, Bob King, Defendants-Appellees.
 No. 89-3933.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1990.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Merle Kinder and Kelli Kinder appeal the summary judgment for the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. In the complaint, plaintiffs alleged a denial of due process in connection with a dependency action involving Kelli Kinder, a denial of visitation rights, and a denial of right to equal protection. In addition, plaintiffs raised several pendent state claims. Plaintiffs sued the Executive Director of the Franklin County Children's Services (FCCS) and FCCS board members in their official capacities. Plaintiffs sued the Board of County Commissioners in their individual capacities. Plaintiffs requested monetary damages, as well as reasonable attorney's fees.
 
 
 4
 The district court granted summary judgment in favor of the defendants. The court concluded: (1) that plaintiffs did not establish that they were denied due process with respect to the original emergency order of care or the subsequent temporary commitment order; (2) that plaintiffs' federal constitutional rights were not violated with respect to visitation; (3) that plaintiffs' claims regarding the factual determinations made by the Ohio juvenile court were barred under the principle of res judicata; (4) that plaintiffs did not establish the essential elements of their claim for malicious prosecution; and (5) that plaintiffs' equal protection claim contained broad and conclusory language, devoid of the factual allegations necessary to support an instance of age, sex, or single-parent based discrimination. The court then dismissed the remaining state law claims for negligence, infliction of emotional harm, and false imprisonment because those claims had no independent basis for federal jurisdiction.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment for the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 6
 Accordingly, the judgment is hereby affirmed for the reasons stated in the district court's order entered September 1, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation